*423
 
 Ruffuv, C. J.
 

 The opinion of the Court concurs with that given by his Honor. By the hiring the property vested for the term in the hirer, and the plaintiff had the reversion only. The stipulation, that the slave was not to go by water, was not a limitation to the estate of the hirer, whereby it wrould be determined and the property be revested in the plaintiff, nor even a condition, which would have authorised him to determine the hiring and resume the possession, but merely an engagment of the hirer not to expose the slave to the hazards of employments on the water. As the plaintiff had but the reversion at the time of the slave’s death, that by itself defeats the count for trover. For much the same reasons the other count must also fail. As a stipulation it was personal merely, and did not attach to the slave, in the nature of a covenant running with land. The knowledge or ignorance of its existence could not make it more or less binding upon one not a party to it, as the assignee of the property can in no degree be affected by it. It would expose third persons to great damage, and, indeed, prevent much of the traffic of life, if they were charged with the consequences of collateral engagements of this kind, between persons, who let or take on hire; and therefore their obligation is wisely restricted to the parties themselves. TheJ evidence objected to was competent to show, that the negro was on board the vessel by the direction, or account of Carter, the person in possession.
 

 PER Cueiam, Judgment affirmed.